IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| SAMUEL CASTILLO, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| V. | § | |
| EL PASO-LOS ANGELES LIMOUSINE EXPRESS, INC., | § | CIVIL ACTION NO. _____ |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant El Paso-Los Angeles Limousine Express, Inc., ("Defendant") files this Notice of Removal and states the following:

1. Plaintiff Samuel Castillo filed this action on November 12, 2002, in the 41st District Court, El Paso County, Texas, numbered 2002-5216 on the docket of that court. Plaintiff seeks to recover damages for his alleged wrongful termination under the *Sabine Pilot* exception to the employment-at-will doctrine.

2. Defendant filed its Original Answer on December 16, 2002. In response to special exceptions filed by Defendant and pursuant to Court Order, Plaintiff filed his First Amended Petition on February 18, 2003. The amended petition alleges, for the first time, that Defendant terminated his employment because of his refusal to violate a Federal Motor Carrier Safety Regulation. 49 C.F.R. § 393.82.

3. This action is being removed to federal court because Plaintiff's Amended Petition indicates that a question of federal law is a necessary element of his state claim. *Franchise Tax Bd. v. Laborers Vac. Trust*, 463 U.S. 1, 9-11, 13, 103 S. Ct. 2841, 77 L. Ed. 420

(1983). Plaintiff alleges that Defendant terminated him because of his refusal to violate Title 49, Code of Federal Regulations, Section 393.82. The federal question necessarily appears in Plaintiff's statement of his case in his First Amended Petition, and does not require the anticipation of any federal defense. *See id.; see also Ashley v. Southwestern Bell Telephone Co.*, 410 F. Supp. 1389 (W.D. Tex. 1976).

4. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331. As a civil action founded on a right or claim arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

5. EPLA received service of Plaintiff's First Amended Petition on February 21, 2003. This removal was filed within thirty (30) days of Defendant's receipt of Plaintiff's First Amended Petition and is timely under 28 U.S.C. § 1446(b). Attached as Exhibit A are copies of all process, pleadings, and orders filed in the 41st District Court in this cause.

6. Defendant will file a copy of this Notice of Removal with the 41st District Clerk of El Paso County, Texas under 28 U.S.C. § 1446(d). Defendant will also give Plaintiff written notice of the filing of this Notice of Removal.

WHEREFORE, Defendant El Paso-Los Angeles Limousine Express, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes the case styled "Samuel Castillo v. El Paso-Los Angeles Limousine Express, Inc." Cause No. 2002-5216 from the 41st District Court for the State of Texas, El Paso County, to the United States District Court for the Western District of Texas, El Paso Division, on this 20th day of March 2003.

Respectfully submitted,

_____
Stuart E. Blaugrund
Texas State Bar No. 02473350
GARDERE WYNNE SEWELL LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2003, a true and correct copy of the foregoing was served via United States certified mail, postage prepaid, upon the following:

Enrique Chavez, Jr.
The Law Office of Enrique Chavez, Jr.
1400 Montana Avenue
El Paso, Texas 79902

_____
Stuart E. Blaugrund

| SAMUEL CASTILLO, | } |
| --- | --- |
| Plaintiff, | } |
| | } |
| v. | } NO.: 2002-5216 |
| | } |
| EL PASO-LA LIMOUSINE EXPRESS INC., | } |
| | } |
| Defendant. | } |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Plaintiff SAMUEL CASTILLO ("Mr. Castillo") now files his petition complaining of EL PASO-LA LIMOUSINE EXPRESS, INC. ("Defendant") and respectfully shows as follows:

### I. Discovery Level

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties

2. MR. CASTILLO is a natural person residing in El Paso County, Texas.

3. EL PASO-LA LIMOUSINE EXPRESS, INC. is a corporation upon whom service may be obtained by serving its registered agent for service of process, Louis Rosenbaum, 720 S. Oregon Street, El Paso, Texas 79901.

### III. Venue

4. Pursuant to Texas Civil Practice and Remedies code section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to MR. CASTILLO'S claims occurred in El Paso, Texas.

### IV. Facts of the Case

5. This is a <u>Sabine Pilot</u> case. MR. CASTILLO was a driver for EL PASO-LA LIMOUSINE EXPRESS, INC., a bus line between El Paso and Los Angeles. He began working for Defendant in approximately November of 1998. He was fired on December 12, 2001 because he refused to commit an illegal act, and because he inquired as to whether or not it was against the law to drive a bus with a malfunctioning

EXHIBIT A

speedometer. Indeed Mr. Castillo refused to participate in a wider conspiracy, in which EL PASO-LA LIMOUSINE EXPRESS, INC. had a practice of sending its bus drivers and clients out on buses with malfunctioning speedometers.

### VI. Damages and Losses

6. MR. CASTILLO seeks compensation for all damages which were caused by Defendant's acts and omissions including but not limited to past and future lost wages and benefits, loss of earning capacity, bodily injury, impairment, mental anguish, and inconvenience.

7. MR. CASTILLO is also entitled to recover punitive damages against Defendant because Defendant acted with malice or, at least, with conscious indifference to MR. CASTILLO'S state protected right to be free from discrimination and/or retaliation under the Sabine Pilot exception to employment at will.

### VII. Jury Demand

8. MR. CASTILLO demands that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

### VIII. Request for Disclosure

9. Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).

### IX. Prayer

10. MR. CASTILLO respectfully prays that he recovers from Defendant EL PASO-LA LIMOUSINE EXPRESS, INC. all damages, including past and future lost wages and benefits, mental anguish and inconvenience, bodily injury, loss of earning capacity, punitive damages, and prejudgment interest, post judgment interest, costs and such other and further relief to which he may show himself to be justly entitled, in law and in equity.

SIGNED on this _____ day of November, 2002.

Respectfully submitted,

**The Law Office of Enrique Chavez, Jr.**

1400 Montana Avenue
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By: _____
Enrique Chavez, Jr.
State Bar No.: 24001873
Attorney for Plaintiff

/petition/original.castillo            3

IN THE 41ST JUDICIAL DISTRICT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| SAMUEL CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Cause No. 2002-5216 |
| | § | |
| EL PASO-LOS ANGELES, | § | |
| LIMOUSINE EXPRESS, INC., | § | |
| | § | |
| Defendant | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant El Paso-Los Angeles Limousine Express, Inc., (hereinafter "Defendant"), files this its Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show the Court the following:

### First Defense

As authorized by the Texas Rule of Civil Procedure 92, Defendant denies generally each and every, all and singular, of the allegations contained in Plaintiff's Original Petition and reserving its right to plead further, demands strict proof of Plaintiff's allegations by a preponderance of the evidence.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following defenses, reserving the right to amend to change or add additional defenses as allowed by law. Each of the following defenses is stated as a separate and distinct defense, in the

alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded:

### First Defense

Plaintiff's claims fail in whole or part because Defendant's employment actions relating to Plaintiff, if any, were based on legitimate, non-retaliatory reasons and all such actions were privileged.

### Second Defense

Plaintiff's claims fail in whole or part because Defendant's actions, if any, were performed in good faith and were not intentional, willful, or without justifiable right or cause.

### Third Defense

Plaintiff's alleged damages are too speculative to be permitted.

### Fourth Defense

Plaintiff's actions contributed in whole or in part to his alleged damages.

### Fifth Defense

Plaintiff has failed to mitigate his damages, if any.

### Sixth Defense

Plaintiff's claims are barred by fraud, illegality, estoppel, laches, and unclean hands.

### PRAYER FOR RELIEF

Defendant, having fully answered, requests that the Court:

    a.    dismiss Plaintiff's claims with prejudice;

    b.    enter a final judgment that Plaintiff take nothing;

    c.    award Defendant its costs of court; and

d. grant Defendants all other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*[signature]*

Stuart E. Blaugrund
Texas State Bar No. 02473350
Elizabeth Kinsaul
Texas State Bar No. 24032505
GARDERE WYNNE SEWELL, LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December, 2002, a true and correct copy of the foregoing was served via United States certified mail, postage prepaid, upon the following:

Enrique Chavez, Jr.
The Law Office of Enrique Chavez, Jr.
1400 Montana Avenue
El Paso, Texas 79902

*[signature]*

Stuart E. Blaugrund

FILED
EDIE RUBALCABA
DISTRICT CLERK

2002 DEC 16 AM 10: 20

EL PASO COUNTY, TEXAS

BY_____
DEPUTY

IN THE 41ST JUDICIAL DISTRICT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| SAMUEL CASTILLO, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Cause No. 2002-5216 |
| EL PASO-LOS ANGELES LIMOUSINE EXPRESS, INC., | § § § § | |
| Defendant | § | |

### DEFENDANT'S SPECIAL EXCEPTIONS
### TO PLAINTIFF'S ORIGINAL PETITION

Defendant El Paso-Los Angeles Limousine Express, Inc. (hereinafter "Defendant") files this its Special Exceptions to Plaintiff's Original Petition, pursuant to Texas Rules of Civil Procedure 85 and 91, and requests that the Court sustain the Special Exceptions and that Plaintiff be Ordered to replead in accordance with the Court's ruling within seven days after such ruling, failing which the allegations should be stricken by the court.

### SPECIAL EXCEPTIONS

### I.

Defendant specially excepts to Paragraph 5 of the Original Petition on the ground that Plaintiff fails to identify the state or federal criminal statute which he allegedly refused to violate. Plaintiff's claim for wrongful discharge falls under the *Sabine Pilot* exception to the long-standing at-will employment doctrine in Texas. *Hauck v. Sabine Pilot*, 687 S.W.2d 733 (Tex. 1985). Under *Sabine Pilot*, Plaintiff must prove that he was fired for the sole reason that he refused to perform an illegal act carrying criminal penalties, not merely civil penalties. *Hancock v. Express One Int'l*, 800 S.W.2d 634 (Tex. App.—Dallas 1990, writ denied).

**II.**

Defendant specially excepts to Plaintiff's Original Petition Paragraphs 6 and 7 pursuant to Texas Rule of Civil Procedure 47 and request the Court to require Plaintiff to amend so as to specify the maximum amount of damages claimed.

## CONCLUSION

WHEREFORE, Defendant El Paso-Los Angles Limousine Express, Inc., respectfully requests that the Court sustain its special exceptions, order Plaintiff to replead his petition to cure such defects, and if Plaintiff fails to cure such defects, strike Plaintiff's Original Petition.

Respectfully submitted,

*[signature]*

Stuart E. Blaugrund
Texas State Bar No. 02473350
Elizabeth Kinsaul
Texas State Bar No. 24032505
GARDERE WYNNE SEWELL, LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

**ATTORNEYS FOR DEFENDANT**

## FIAT

A hearing will be held on Plaintiff's Special Exceptions in the 41st Judicial District Court of El Paso County, Texas, on the _____ day of _____, 2002, at _____.m.

SIGNED this _____ day of _____ 2002.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2002, a true and correct copy of the foregoing was served via United States certified mail, postage prepaid, upon the following:

Enrique Chavez, Jr.
The Law Office of Enrique Chavez, Jr.
1400 Montana Avenue
El Paso, Texas 79902

_____
Stuart E. Blaugrund



IN THE 41ST JUDICIAL DISTRICT
EL PASO COUNTY, TEXAS

2003 FEB -6 AM 8:21

EL PASO COUNTY, TEXAS

BY _____
DEPUTY

| | |
|---|---|
| SAMUEL CASTILLO, | § |
| Plaintiff, | § |
| v. | § Cause No.: 2002-5216 |
| EL PASO-LOS ANGELES LIMOUSINE EXPRESS, INC. | § |
| Defendant. | § |

## ORDER

On January 13, 2003, the Court heard the special exceptions filed by Defendant, El Paso-Los Angeles Limousine Express, Inc. Plaintiff's attorney, Enrique Chavez, appeared by phone. Defendant's attorney, Stuart Blaugrund, appeared in person. Plaintiff announced that he was not contesting Defendant's special exceptions. Therefore, based upon Plaintiff's representations, the Court,

ORDERS Plaintiff to replead by (i) specifically identifying the state and/or federal criminal statutes which he allegedly refused to violate; and (ii) replead the maximum amount of damages he seeks to recover in this action.

Entered this 4 day of ~~January~~ Feb, 2003.

_____
JUDGE PRESIDING

# IN THE 41ST JUDICIAL DISTRICT COURT
# EL PASO COUNTY, TEXAS

| | |
|---|---|
| SAMUEL CASTILLO, | } |
| Plaintiff, | } |
| v. | } NO.: 2002-5216 |
| EL PASO-LA LIMOUSINE EXPRESS INC., | } |
| Defendant. | } |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE COURT:

Plaintiff SAMUEL CASTILLO ("Mr. Castillo") now files his petition complaining of EL PASO-LA LIMOUSINE EXPRESS, INC. ("Defendant") and respectfully shows as follows:

### I. Discovery Level

1. Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties

2. MR. CASTILLO is a natural person residing in El Paso County, Texas.

3. EL PASO-LA LIMOUSINE EXPRESS, INC. is a corporation upon whom service may be obtained by serving its registered agent for service of process, Louis Rosembaum, 720 S. Oregon Street, El Paso, Texas 79901

### III. Venue

4. Pursuant to Texas Civil Practice and Remedies code section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or

/Castillo, Samuel/petition, 1st amended    1

omissions giving rise to MR. CASTILLO'S claims occurred in El Paso, Texas.

## IV. Facts of the Case

5. This is a Sabine Pilot case. MR. CASTILLO was a driver for EL PASO-LA LIMOUSINE EXPRESS, INC., a bus line between El Paso and Los Angeles. He began working for Defendant in approximately November of 1998. He was fired on December 12, 2001 because he refused to commit an illegal act, and because he inquired as to whether or not it was against the law to drive a bus with a malfunctioning speedometer. Indeed, Mr. Castillo refused to participate in a wider conspiracy, in which EL PASO-LA LIMOUSINE EXPRESS, INC. had a practice of sending its bus drivers and clients out on buses with malfunctioning speedometers.

6. Title 49, Code of Federal Regulations, Section 393.82 and Texas Transportation Code, Sections 644.151 and 644.001 make it a criminal offense for a bus driver to operate a bus without a functioning speedometer. Even so, Texas law is such that a plaintiff need not prove that the requested act was illegal when his/her employment is terminated for attempting to inquire whether the requested act was illegal. Johnston v. Delmar Distributing Company, Inc., 776 S.W.2d 768, 771-2 (Tex. App.—Corpus Christi 1989, writ denied).

## VI. Damages and Losses

6. MR. CASTILLO seeks compensation for all damages which were caused by Defendant's acts and omissions including but not limited to past and future lost wages and benefits, loss of earning capacity, bodily injury, impairment, mental anguish, and inconvenience.

7.  MR. CASTILLO is also entitled to recover punitive damages against Defendant because Defendant acted with malice or, at least, with conscious indifference to MR.CASTILLO'S state protected right to be free from discrimination and/or retaliation under the Sabine Pilot expectation to employment at will.

### VII. Demand

8.  MR. CASTILLO demands that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

### VIII. Request for Disclosure

9.  Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose the information and material described in Rule 194.2(a)-(k).

### IX. Prayer

10. MR. CASTILLO respectfully prays that he recovers from Defendant EL PASO-LA LIMOUSINE EXPRESS, INC. all damages, including past and future lost wages and benefits, mental anguish and inconvenience, bodily injury, loss of earning capacity, punitive damages, and prejudgment interest, post judgment interest, costs and such other and further, relief to which he may show himself to be justly entitled, in law and in equity not to exceed $900,000.

SIGNED on this _____ day of February, 2003.