

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SAMUEL CASTILLO, | } |
| Plaintiff, | } |
| v. | }   NO.: 03-CV-107—DB |
| EL PASO-LA LIMOUSINE EXPRESS INC., | } |
| Defendant. | } |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff SAMUEL CASTILLO ("Mr. Castillo") now files his amended Complaint complaining of EL PASO-LA LIMOUSINE EXPRESS, INC. ("Defendant") and respectfully shows as follows:

### I. Parties

1.  MR. CASTILLO is a natural person residing in El Paso County, Texas.

2.  EL PASO-LA LIMOUSINE EXPRESS, INC. is a corporation upon whom service has been obtained by serving its registered agent for service of process, Louis Rosembaum, 720 S. Oregon Street, El Paso, Texas 79901

### II. Venue

3.  Pursuant to Texas Civil Practice and Remedies code section 15.002, venue is proper in El Paso County, Texas because all or a substantial part of the events or omissions giving rise to MR. CASTILLO'S claims occurred in El Paso, Texas.

/Castillo, Samuel/petition, 2nd amended      1

### III. Facts of the Case

4.   This is a <u>Sabine Pilot</u> case. MR. CASTILLO was a driver for EL PASO-LA LIMOUSINE EXPRESS, INC., a bus line between El Paso and Los Angeles. He began working for Defendant in approximately November of 1998. He was fired on December 12, 2001 because he refused to commit an illegal act, and because he inquired as to whether or not it was against the law to drive a bus with a malfunctioning speedometer. Indeed, Mr. Castillo was fired for refusing to participate in a wider conspiracy, in which EL PASO-LA LIMOUSINE EXPRESS, INC. had a practice of sending its bus drivers and clients out on buses with malfunctioning speedometers.

5.   Title 49, Code of Federal Regulations, Section 393.82 and Texas Transportation Code, Sections 644.151 and 644.001 make it a criminal offense for a bus driver to operate a bus without a functioning speedometer. Even so, Texas law is such that a plaintiff need not prove that the requested act was illegal when his/her employment is terminated for attempting to inquire whether the requested act was illegal.  <u>Johnston v. Delmar Distributing Company, Inc.</u>, 776 S.W.2d 768, 771-2 (Tex. App.—Corpus Christi 1989, writ denied).

6.   Furthermore, Texas Transportation Code, Section 547.004 states:
(a) A person commits an offense that is a misdemeanor if the person operates or moves, or, as an owner, knowingly permits another to operate or move a vehicle that:
> (1) is unsafe so as to endanger a person; [or]
> (2) is not equipped in a manner that complies with the vehicle equipment standards and requirements established by this chapter...

Tex. Trans. Code, S 547.004(a). Plaintiff was fired for refusing to commit an illegal act, that is operating or moving a vehicle, a bus, that "is unsafe so as to endanger a person" or "is not equipped in a manner that complies with vehicle equipment standards and requirements established by chapter 547 of the Texas Transportation Code" such that

/Castillo, Samuel/petition, 2nd amended    2

Plaintiff was subjected to potential criminal penalties. Indeed, Mr. Castillo was fired for refusing to participate in a wider conspiracy, in which EL PASO-LA LIMOUSINE EXPRESS, INC. had a practice of sending its bus drivers and clients out on vehicles, buses, which were unsafe so as to endanger a person or persons or which were not equipped in a manner that complies with the vehicle equipment standards and requirements established by chapter 547 of the Texas Transportation Code.. Indeed, Defendant had a practice of firing bus drivers for refusing to drive buses which were unsafe so as to endanger a person or person or which were not equipped as required by chapter 547 of the Transportation Code. Manuel Lugo Villareal was one such driver. Jerry Rosenbaum, a chief principal of Defendant, ordered Mr. Lugo to loosen the brakes on bus #335, VIN 1M8FDMPA2RP045861 during a trip between El Paso and Los Angeles. Rosenbaum wanted Mr. Lugo to then proceed through a downtown area with the loosened brakes. Mr. Lugo refused because he believed it was against the law. Mr. Lugo was fired that same day. It is believed that Defendant fired another bus driver after a bus became engulfed in flames because Defendant ordered a bus driver to continue on his trip, with passengers in tow, after the bus driver advised Defendant of the bus's unsafe condition.

7. Additionally, Defendant defamed Plaintiff after firing him illegally when Plaintiff's prospective employers would call to inquire about Plaintiff's work history. Defendant's defamatory statements were communicated and or published to third parties, including but believed not limited to Conejo Bus Lines, without legal excuse and tended to injure Plaintiff's reputation, exposing him to public hatred, contempt, ridicule and or financial injury.

### IV. Damages and Losses

8. MR. CASTILLO seeks compensation for all damages which were caused by Defendant's acts and omissions including but not limited to past and future lost wages and benefits, loss of earning capacity, bodily injury, impairment, mental anguish, and inconvenience.

/Castillo, Samuel/petition, 2nd amended    3

9.  MR. CASTILLO is also entitled to recover punitive damages against Defendant because Defendant acted with malice and or, at least, with conscious indifference to MR.CASTILLO'S state protected right to be free from discrimination and/or retaliation under the Sabine Pilot expectation to employment at will.

## V. Demand

10. MR. CASTILLO demands that this case be decided by a jury as allowed by Texas Rule of Civil Procedure 216.

## VII. Prayer

11. MR. CASTILLO respectfully prays that he recovers from Defendant EL PASO-LA LIMOUSINE EXPRESS, INC. all damages, including past and future lost wages and benefits, mental anguish and inconvenience, bodily injury, loss of earning capacity, punitive damages, and prejudgment interest, post judgment interest, costs and such other and further, relief to which he may show himself to be justly entitled, in law and in equity exceeding $75,000.

SIGNED on this ___14th___ day of April, 2003.

Respectfully submitted,

The Law Office of Enrique Chavez, Jr.
1400 Montana Avenue
El Paso, Texas 79902
(915) 351-7772
(915) 351-7773 facsimile

By: _____
Enrique Chavez, Jr.
State Bar No.: 24001873
Attorney for Plaintiff

/Castillo, Samuel/petition, 2nd amended          4

## CERTIFICATE OF SERVICE

      Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument was delivered to opposing counsel on April 14, 2003 in the following manner:

| | |
|---|---|
| Gardere Wynne Sewell LLP | ✓ Regular Mail |
| Elizabeth H. Kinsaul | ___ Certified Mail |
| 3000 Thanksgiving Blvd. | ___ Hand-Delivery |
| 1601 Elm St. | ✓ Via Facsimile |
| Dallas, Texas 75201-4761 | |
| (Attorney for El Paso-L.A. Limousines Express) | |

Enrique Chavez, Jr.

/Castillo, Samuel/petition, 2nd amended    5